**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEAMFITTERS LOCAL 449 PENSION FUND,

    Plaintiff,

v.

SAFEWAY, INC., et al.,

    Defendants.

No. C 14-01670 JSW

**ORDER TO SHOW CAUSE REGARDING *COLORADO RIVER* DOCTRINE**

Pursuant to the *Colorado River* doctrine, a federal court should, under certain circumstances, stay its proceedings in deference to similar proceedings pending in state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). The Court "may invoke the *Colorado River* Doctrine *sua sponte*." *PrivacyWear, Inc. v. QTS & CFTC, LLC*, 2008 WL 4414994, *2 (C.D. Cal. Sept. 24, 2008) (citing *Atchison, Topeka and Santa Fe Ry. Co. v. Bd. of Equalization of the State of California*, 795 F.2d 1442, 1446-48 (9th Cir. 1986), *vacated on other grounds*, 828 F.2d 9 (1987) (raising *Colorado River* doctrine for the first time on appeal and instructing district court to stay action upon remand).

In applying the *Colorado River* doctrine, district courts may stay or dismiss an action when there is a concurrent state proceeding involving the same matter and the existence of "exceptional circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983). Under *Colorado River*, the Ninth Circuit requires a "substantial similarity"

between the state and federal proceedings, but has noted that "exact parallelism" is not required. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

A court weighs several factors to determine whether to stay or dismiss an action pursuant to *Colorado River*: (1) whether a court has assumed jurisdiction over a res, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) whether state or federal law provides the rule of decision on the merits, and (6) whether the state proceeding is adequate to protect the parties' rights. *Nakash*, 882 F.2d at 1415 (citing *Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 25-26). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Nakash*, 882 F.2d at 1415 (quotations omitted).

In *Nakash*, individuals and their related corporate entities filed a state suit alleging state claims and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 888 F.2d at 1412-13. Later, the individuals filed a federal suit consisting of similar – but not identical – claims. *Id.* at 1413. The Ninth Circuit held that a stay was appropriate under *Colorado River* and noted that although the Supreme Court has held that federal courts have a "virtually unflagging obligation" to exercise jurisdiction, "this somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings." *Id.* at 1415 (citing *Colorado River*, 424 U.S. at 817). The Ninth Circuit held that despite the lack of exact parallelism between the parties and actions, the actions were substantially similar because both involved disputes over the same conduct and an overlap of key parties. *Id.* at 1416-17.

Here, Defendants represent that before Plaintiff filed the action in this Court, plaintiffs have filed actions, which have been consolidated, in state court in Delaware regarding the same proposed merger. Moreover, the plaintiffs and defendants in the state court action have reached a settlement. If the court approves the settlement for the class, the claims brought in the above captioned action would be released. Accordingly, the Court Orders the parties to Show Cause ("OSC") in writing why this action should not be stayed or dismissed under the *Colorado River*

2

1 doctrine. Plaintiff shall file a response to this OSC by no later than July 3, 2014. Defendants
2 shall file a response by no later than July 9, 2014. The Court HEREBY CONTINUES the
3 hearing on the pending motion for a preliminary injunction to July 25, 2014 at 9:00 a.m.
4     **IT IS SO ORDERED.**

6 Dated: June 24, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE